LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

ADRIAN MONTOR,
*on behalf of himself,*
*FLSA Collective Plaintiffs*                                            Case No:
*and the Class,*

                        Plaintiff,

                                                                **CLASS AND**
                                                                **COLLECTIVE**
                                                                **ACTION COMPLAINT**

                        v.

TRATTORIA TRE COLORI, INC.,
              d/b/a TRATTORIA TRECOLORI,
MARCO GONZALEZ,
VICTOR GONZALEZ, and
FELIPE GONZALEZ,

                        Defendants.

_____

    Plaintiff, ADRIAN MONTOR ("Plaintiff"), on behalf of himself and others similarly

situated, by and through his undersigned attorneys, hereby files this Class and Collective Action

Complaint against Defendants, TRATTORIA TRE COLORI, INC. d/b/a TRATTORIA

TRECOLORI (the "Corporate Defendant"), MARCO GONZALEZ, VICTOR GONZALEZ, and

FELIPE GONZALEZ (the "Individual Defendants," and collectively with the Corporate

Defendants, the "Defendants") and states as follows:

**INTRODUCTION**

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime premiums, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime premiums, (3) unpaid spread of hours, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5.      Plaintiff, ADRIAN MONTOR, for all relevant time periods, was a resident of Queens County, New York.

6.      Corporate Defendant, TRATTORIA TRE COLORI, INC. d/b/a TRATTORIA TRECOLORI, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 254 W 47th Street, New York, NY 10036.

7.   Individual Defendants:

(a)      MARCO GONZALEZ is a principal of TRATTORIA TRE COLORI, INC. Defendant MARCO GONZALEZ exercises operational control as it relates

to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. MARCO GONZALEZ frequently visited each of the eatery locations. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to MARCO GONZALEZ directly regarding any of the terms of their employment, and MARCO GONZALEZ had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

(b)      VICTOR GONZALEZ is Chief Executive Officer of TRATTORIA TRE COLORI, INC. Defendant VICTOR GONZALEZ exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. VICTOR GONZALEZ frequently visited each of the Eatery locations. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to VICTOR GONZALEZ directly regarding any of the terms of their employment, and VICTOR GONZALEZ had the authority to effect any changes to the quality and terms of employees'

3

employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

(c)     FELIPE GONZALEZ is Chief Executive Officer of TRATTORIA TRE COLORI, INC. Defendant FELIPE GONZALEZ exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. FELIPE GONZALEZ frequently visited each of the Eatery locations. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to FELIPE GONZALEZ directly regarding any of the terms of their employment, and FELIPE GONZALEZ had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

8.     At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section

16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to cooks, food preparers, cashiers, counter persons, dishwashers, cleaning persons, porters, bussers, food runners and delivery persons employed by Defendants on or after the date that is six years before the filing of the Complaint ("FLSA Collective Plaintiffs").

11.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium at one and one half times their straight time base hourly rates for each hour worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Further, with respect to employees who were tipped employees (the "Tipped Subclass"), Defendants were not entitled to take any tip credits under the FLSA, or to compensate FLSA Collective Plaintiffs at sub-minimum wage base hourly rates, because they failed to satisfy all statutory requirements for taking a tip credit.

12.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but

not limited to cooks, food preparers, cashiers, counter persons, dishwashers, cleaning persons, porters, bussers, food runners and delivery persons employed by Defendants on or after the date that is six years before the filing of the Complaint (the "Class Period").

14.     All said persons, including Plaintiff, are referred to herein as the "Class". The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

15.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than thirty-five (35) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass").

16.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including (i) failing to pay minimum wage, (ii) failing to pay overtime premium, (iii) failing to provide wage statements in compliance with the New York Labor Law, and (iv) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful

acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures. With respect to the Tipped Subclass, Defendants unlawfully claimed a tip credit without satisfying all statutory requirements for taking a tip credit.

17.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e)  Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

f)  Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law;

g)  Whether Defendants established the tip payment structure for the Tipped Subclass members;

h)  Whether Defendants took the proper amount of tip credit allowance under the New York Labor Law;

i)  Whether Defendants required Tipped Subclass members to perform non-tipped duties exceeding twenty percent (20%) of each workday;

j)  Whether Defendants established the tip payment structure for Class members without the agreement or consent of the Class members;

k)  Whether Defendants provided to Plaintiff and Class members proper wage and hour notices at date of hiring, per requirements of the New York Labor Law;

l)  Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

m)  Whether Defendants paid the "spread of hours" premium owed to Plaintiff and Class members working more than ten hours per day as required by New York Labor Law;

    n) Whether Defendants paid Plaintiff and Class members overtime premium at one and one half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

    o) Whether Defendants required Plaintiff and Class members to perform unpaid off-the-clock work; and

    p) Whether Defendants paid Plaintiff and Tipped Subclass members the federal and state minimum wage for all hours worked.

## STATEMENT OF FACTS

21.    In or around November 2016, Plaintiff ADRIAN MONTOR was hired by Defendants to work as a busser at Delmonico Gourmet Food Market at 254 W. 47th Street, New York, NY 10036. Plaintiff's employment by Defendants terminated in November 2017.

22.    During his employment by Defendants, Plaintiff worked from 11:00 A.M. to 12:30 A.M., two (2) days per week, and from 4:00 P.M. to 12:30 A.M., four (4) days per week, for a total of forty-four (44) hours per week. Similarly, FLSA Collective Plaintiffs and Class members also worked in excess of forty (40) hours each workweek.

23.    For the duration of his employment with Defendants, Plaintiff was paid a fixed salary of $20.00 for days when he worked from 4:00 P.M. to 12:30 A.M., and $35.00 for days when he worked from 11:00 A.M. to 12:30 A.M, for a total of one hundred and ten ($110) dollars per week.

24.    Throughout his employment, Plaintiff was regularly required to spend more than twenty percent (20%) of his working time each shift performing non-tipped work. This non-tipped work included sweeping the floor, moving furniture, doing barista work and preparing

dessert. Likewise, FLSA Collective Plaintiffs and Class members usually spent more than twenty percent (20%) of their time performing non-tipped tasks.

25.     Defendants willfully violated Plaintiff and Class Members' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiff and Class Members are non-exempt employees who must be paid on an hourly basis. There was no understanding among the parties that the fixed salary would cover any overtime compensation for employees.

26.     At all relevant times, Plaintiff worked more than forty (40) hours each workweek. However, Defendants never paid him overtime premium for those hours he worked in excess of forty (40) each workweek.  Similarly, FLSA Collective Plaintiffs and Class Members were not paid their overtime premium for hours that they worked in excess of forty (40) each workweek.

27.     Defendants never provided Plaintiff with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

28.     Defendants did not provide Plaintiff with proper wage statements, in violation of the New York Labor Law. Class members also did not receive proper wage statements.

29.     Defendants were not entitled to claim any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period, or the hourly rate of tip credit deduction, in violation of the NYLL, (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday, or two (2) hours of each shift, in violation of the FLSA and NYLL, (iv) maintained an improper tip pool and

misappropriated tips, and (v) failed to track the amount of tips received daily in violation of NYLL.

30.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF
## PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

31.     Plaintiff realleges and reavers Paragraphs 1 through 30 of this class and collective action Complaint as if fully set forth herein.

32.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

33.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

34.      At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

35.     At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs, and Tipped Subclass Members, for their hours worked. Defendants were also not entitled to claim any tip credits because they failed to satisfy the statutory requirements under the FLSA.

36.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

37.     Records, if any concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

39.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

40.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, overtime premium, and an equal amount as liquidated damages.

41.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).


## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

42.     Plaintiff realleges and reavers Paragraphs 1 through 41 of this class and collective action Complaint as if fully set forth herein.

43.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

44.     Defendants willfully violated Plaintiff, Class members, and Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

45.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times their straight time base hourly rates for each hour that they worked in excess of forty (40) each workweek.

46.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay "spread of hours" premium to for each workday that exceeded ten (10) or more hours.

47.     Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

48.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

49.     Defendants failed to provide proper wage statements with every payment as required by New York Labor Law § 195(3).

50.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the New York Labor Law;

d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e. An award of unpaid spread of hours premium due under the NYLL;

f. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime premium, pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime premium pursuant to the New York Labor Law;

i. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.  Designation of this action as a class action pursuant to F.R.C.P. 23;

l.  Designation of Plaintiff as Representative of the Class; and

m.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 17, 2020

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011 Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
C.K. Lee (CL 4086)